JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENLEY PETERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>EMERITUS CORPORATION, et al.,<br><br>    Defendants. | Case No. CV 14-4940 FMO (AGRx)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REMAND** |

Having reviewed and considered all the briefing filed with respect to plaintiff's Motion for Remand ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**INTRODUCTION**

On March 12, 2014, plaintiff Tenley Peterson ("plaintiff") brought suit against defendants Emeritus Corporation ("defendant"), Emeritus@Creston Village[1], and Does 1 through 100, in California state court. (See Notice of Removal ("NOR") at ¶ 1). On April 23, 2014, defendant filed a Notice of Removal of that action pursuant to U.S.C. §§ 1332(a), 1444(a) & (b), and 1446(a) &

---

[1] Emeritus@Creston Village is not a separate corporate entity, but rather is merely a dba of defendant. (See NOR at ¶ 14).

(b). (See id. at ¶ 18). On May 9, 2014, the court sua sponte remanded the action to state court. (See id. at ¶ 4). On June 25, 2014, defendants once again removed the matter to federal court. (See NOR). On July 22, 2014, plaintiff filed the instant Motion to remand this action back to state court pursuant to 28 U.S.C. § 1445(c). (See Motion at 1).

## STATEMENT OF FACTS

Plaintiff was employed by defendant as a Memory Care Program Coordinator for over four years until her termination on March 9, 2014. (See NOR, Exhibit ("Exh.") A ("Complaint") at ¶ 5). Prior to August 2011 and continuing thereafter, plaintiff "developed and/or aggravated and/or sustained perceived and/or physical disability(s) including . . . psoriatic arthritis, associated conditions and others, from the exposure to the work environment." (Id. at ¶ 8). Additionally, "prior to November 2012, and continuing, Plaintiff developed and/or aggravated and/or sustained perceived and/or mental disability(s) including, but not limited to, anxiety, depression, associated conditions and others." (Id. at ¶ 14). Plaintiff took leave as a result of her condition. (See id. at ¶¶ 11 & 17-19). With respect to the initial and subsequent disabilities, plaintiff "placed Defendants, and each of them, on notice of Plaintiff's disability(s)[,]" (id. at ¶¶ 9 & 15), and "made and/or articulated a Worker's Compensation claim(s)." (Id. at ¶¶ 10 & 16). On or about March 9, 2014, defendant indicated that it could no longer accommodate plaintiff and terminated her employment. (See id. at ¶ 20).

Plaintiff then filed the instant action, alleging six causes of action against defendant for: (1) perceived and/or physical disability harassment, discrimination, and retaliation in violation of California Government Code ("Cal. Gov. Code") §§ 12940, et seq.; (2) perceived and/or mental disability harassment, discrimination, and retaliation in violation of Cal. Gov. Code §§ 12940, et seq.; (3) harassment, discrimination, and retaliation in violation of Cal. Gov. Code § 12945.2; (4) harassment, discrimination, and retaliation for engaging in protected activity in violation of Cal. Gov. Code §§ 12940, et seq.; (5) retaliation and wrongful termination in violation of public policy as codified in Cal. Gov. Code §§ 12940, et seq. and California Labor Code § 132a[2]; and (6)

---

[2] References to § 132a are to California Labor Code § 132a.

declaratory relief. (See Complaint at ¶¶ 1-127).

## LEGAL STANDARD

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). The removal statute is strictly construed against removal. See Ethridge v. Harbor House Rest., 861 F.3d 1389, 1393 (9th Cir. 1988). The burden of establishing federal jurisdiction is upon the party seeking removal. See Emrich v. Touch Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (noting the "long-standing, near-canonical rule that the burden on removal rests with the removing defendant"). As such, any doubts are resolved in favor of remand. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction.").

## DISCUSSION

Plaintiff moves to remand this action pursuant to 28 U.S.C. § 1445(c),[3] which provides that "[a] civil action in any State court arising under the work[er]'s compensation laws of such State may not be removed to any district court of the United States." (See Motion at 5). "The statute reflects a congressional concern for the states' interest in administering their own workers' compensation schemes, the burdens on injured claimants of maintaining a federal court suit, and the incidence of federal court congestion." Names v. Lee Publishing, Inc., 2009 WL 3008296, *1 (S.D. Cal. 2009).

Whether a cause of action "arises under" California's workers' compensation laws is an issue of federal law. See Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 705, 92 S.Ct. 1344, 1349 (1972) ("the removal statutes and decisions of [the Supreme] Court are intended to have uniform nationwide application. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed

---

[3] References to § 1445(c) are to 28 U.S.C. § 1445(c).

from the state to the federal courts.") (internal quotation marks omitted). "The term 'arising under' in the context of § 1445(c) has the same meaning as 'arising under' in 28 U.S.C. § 1331, which governs federal question jurisdiction." Hamblin v. Coinstar, Inc., 2007 WL 4181822, *1 (E.D. Cal. 2007); Names, 2009 WL 3008296, at *2 (same). "A claim arises under a federal law within § 1331 if it is apparent from the fact of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim." Virgin v. County of San Luis Obispo, 201 F.3d 1141, 1142-43 (9th Cir. 2000) (per curiam). Therefore, for purposes of § 1445(c), a plaintiff's claim "arises under" California's workers' compensation laws "if the workers' compensation laws create [the plaintiff's] cause of action or if it is necessary to interpret those laws to resolve plaintiff['s] claim." Hamblin, 2007 WL 4181822, at *1.

Here, plaintiff contends that her fifth cause of action for retaliation and wrongful termination in violation of public policy arises under California's workers' compensation laws and is therefore not removable pursuant to § 1445(c). (See Motion at 5-10). Specifically, plaintiff asserts that her retaliation and wrongful discharge claims are based on defendant's alleged violation of the public policies as articulated by California Government Code § 12940[4] and § 132a. (See id. at 6-7; see also Complaint at ¶ 112). Plaintiff contends that § 132a "creates Plaintiff's substantive rights, defines the scope of the rights, [ ] specifies remedies for violation of the rights[,]" (Motion at 6-7), and is part of California's workmen's compensation scheme. (See id.). The issue therefore is whether these claims – premised on violations of public policy articulated by § 132a – "arise under" California's workers' compensation laws such that it would invoke the jurisdictional safeguards of § 1445(c). The Ninth Circuit has not decided whether a retaliation claim invoking § 132a "arises under" California's workers' compensation laws, and a split among the district courts exist as to this issue. However, the court finds plaintiff's position persuasive.

Section 132a provides that "[i]t is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment." Cal.

---

[4] References to § 12940 will be to California Government Code § 12940.

Lab. Code § 132a. It further provides that "[a]ny employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer . . . is guilty of a misdemeanor and the employee's compensation shall be increased by one-half [.]" Id. at § 132a(1). "Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer." Id. Section § 132a "codifies a claim for retaliatory discharge[,]" Hamblin, 2007 WL 4181822, at *2, "create[s] a substantive right to be free from retaliatory discharge, [and] includ[es] a specification for remedies." Quinones v. Target Stores, 2005 WL 3157515, *4 (N.D. Cal. 2005); Hamblin, 2007 WL 4181822, at *3 (same). As one district court explained, § 132a permits an aggrieved employee to file a § 132a claim and seek relief under that section directly. Hamblin, 2007 WL 4181822, at *2. However, an employee may also

> use section 132a to file a common law termination in violation of public policy claim, commonly know as a "Tameny" claim. Tameny v. Atlantic Richfield Co., 27 Cal.3d 167, 176 (1980). To assert a Tameny claim, the plaintiff must identify the specific public policy the termination violated and the public policy must derive from a constitutional provision, statute, or administrative regulation that serves a statutory objective. City of Moorpark v. Superior Court of Ventura County, 18 Cal.4th 1143, 1159 (1998). . . . Accordingly, section 132a, which is part of the state's workers' compensation laws, "clearly creates [the] substantive right to be free from retaliatory discharge after making a workers' compensation claim." Quinones, 2005 WL 3157515, at *5. Not only does section 132a create plaintiffs' substantive rights, it also provides the limits of plaintiffs' claim. See City of Moorepark, 18 Cal.4th at 1159 ("[W]hen the constitutional provision or statute articulating a public policy also includes certain substantive limitations in scope or remedy, these limitations also circumscribe the common law wrongful discharge cause of action.").

Id. at *2-3 (parenthetical omitted); see also Names, 2009 WL 3008296, at *3.

Accordingly, because § 132a creates plaintiff's substantive rights and specifies remedies for violation of those rights, her claim "arises under" California's workers' compensation laws and cannot be removed.[5] See Quinones, 2005 WL 3157515, at *5 (Because "California workers' compensation statute clearly creates a substantive right to be free from retaliatory discharge after making a workers' compensation claim[, plaintiff's] claim 'arises under' California workers' compensation law and therefore, cannot be removed."); Names, 2009 WL 3008296, at *3-4.[6]

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded, under the circumstances here, that defendant has met its burden of establishing this court's jurisdiction over the instant action.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's Motion to Remand **(Document No. 11)** is **granted**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of

---

[5] To support a contrary finding, defendant cites to several district court cases that conclude that a claim for wrongful or retaliatory discharge in violation of public policy expressed in § 132a, including Sandoval v. Mercedes-Benz USA, LLC., 2011 WL 9369968 (C.D. Cal. 2011) does not arise under the workers' compensation laws. (See Defendant's Opposition to Motion to Remand ("Opp'n") at 3-5). Because 28 U.S.C. § 1445(c) "reflects a congressional concern for the states' interest in administering their own workers' compensation schemes, the burdens on injured claimants of maintaining a federal court suit, and the incidence of federal court congestion[,]" Names, 2009 WL 3008296, at *1, the court finds the cases relied upon by plaintiff to be more persuasive.

[6] Defendant also asserts that plaintiff has not and cannot state a claim that arises under California's workers' compensation laws, and without such a claim, she cannot avail herself of the jurisdictional safeguards of § 1445(c). (See Opp'n at 5-7). Defendant, however, does not cite any authority regarding the propriety of challenging the adequacy of a claim in opposition to a motion to remand. (See, generally, id.). Accordingly, the court does not address this argument.

California for the County of San Luis Obispo, 901 Park Street, Paso Robles, California 93446, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    3.  The Clerk shall send a certified copy of this Order to the state court.

Dated this 31st day of March, 2015.

                                                  /s/
                                   Fernando M. Olguin
                                United States District Judge